**In the Matter of the Arbitration between J. E. HURLEY LUMBER COMPANY, as voyage charterers of Steamship THE UNION MARINER**

**and**

**COMPANIA PANEMENA MARITIMA SAN GERASSIMO, S. A., as owners or chartered owners of Steamship Union Mariner under voyage charter of August 23, 1955.**

United States District Court
S. D. New York.
Jan. 18, 1957.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, for Compania Panemena Maritima San Gerassimo, S. A.

Burlingham, Hupper & Kennedy, New York City, for charterer.

EDELSTEIN, District Judge.

The shipowner has moved to enjoin arbitrators from further proceedings in connection with an arbitration between it and the charterer, the J. E. Hurley Lumber Company. The charter party had been entered into through a firm of brokers and it required the owner to lift "a full and complete cargo of about 2,-500,000 board feet of lumber * * *". The owner lifted 187,492 board feet short of 2,500,000. The arbitration clause of the charter party recites as follows:

"35. That should any difference or dispute arise between the Owners and the Charterers, the same will be referred to two parties in New York conversant with shipping matters, one to be appointed by each of the parties hereto, and the two so chosen shall, if they cannot agree, appoint a third party as Umpire, whose decision, or the decision of any two of them, shall be final and binding, and this agreement may for enforcing the same be made a Rule of Court."

The motion to enjoin is based on the contention that the dispute disclosed is collateral to the charter party and is not one between the owner and the charterer. It does appear from the minutes of hearings already held that the charterer takes the position that the firm of brokers through whom it chartered the owner's vessel was, unknown to him, acting as the charterer's agent, and that information on the charterer's delivery commitment was disclosed to the agent which would not have been disclosed had the true relationship been known. It further appears that the alleged agent made presumably false representations to the charterer about the capacity of the chartered vessel. Hence, the owner asserts that the real issue involved is one of fraudulent inducement of contract, involving a third party.

But it seems clear to me that the issue involved is one between the parties to the charter party and arising under it, namely: did the lifting of 187,492 board feet of lumber short of 2,500,000 constitute a breach of the obligation of the owner to lift "about 2,500,000" board feet? The testimony about dealing with the alleged agent constitutes merely evidence of the circumstances leading up to the making of the charter and may properly be considered in determining the meaning of the ambiguous word "about".

The owner also argues that there is no dispute under the charter yet because the charterer has not yet incurred any damages. He has made no out of pocket expenditures, no claim has been made

against him by the purchaser of the lumber shut out of the vessel, and he has not yet procured other transportation. But the issue of damages is one for proof. If the charterer is unable to prove damages that are not remote, conjectural or speculative, he will not recover. It is not possible at this juncture and on this record to resolve the issue.

The motion to enjoin will be denied.